UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF TEXAS
HOUSTON DIVISION

Case No. _____

Jury Trial Requested

JOSEPH COTROPIA

        PLAINTIFF,

Vs.

1. Mary Chapman, Individually,
2. Texas Medical Board,
3. And Members of the Texas Medical Board,
4. Michael Arambula,
5. Julie Attebury,
6. David Baucom, ,
7. Frank Denton, John D. Ellis,
8. CarlosGallardo,
9. Manuel G. Guajardo,
10. John R. Guerra,
11. Scott Holiday,
12. Margaret McNeese,
13. Allan N. Shulkin,
14. Robert Simonson,
15. Wynne Snoots,
16. Karl Swann,
17. Paulette Southard,
18. Suvrenda K. Varma,
19. Stanley Wang,
20. Timothy Webb, and
21. George Willeford III In their official Capacity
22. And Mari Robinson, Executive Director Texas Medical Board in Her Official Capacity.

        DEFENDANTS.

## PLAINTIFF'S ORIGINAL COMPLAINT

1. This case alleges violation of due process, warrantless search and seizure of documents in violation of the Fourth and Fourteenth Amendment to the United States Constitution. This Court has subject matter jurisdiction under 28 U. S.C § 1343 (a)(3) in that it is brought to redress deprivation, under color of state law, of rights privileges and immunities secured by the United States Constitution.  The Civil Rights Attorney Fee Act, as amended, is applicable to this case under 42 U.S.C. § 1988.

2. Jurisdiction of this Court is invoked under 28 U.S.C. §1342(1).

3. The acts or omissions which serve as the basis for this cause of action occurred in Harris County, Texas, and venue is proper in this Court under 29 U.S.C.§ 1391(b).

**Parties**

4. Plaintiff, Dr. Cotropia ("Cotropia") maintained an office at 779 Normandy, Suite 112, Houston, Texas 77015 on March 27, 2015.

5. Defendant, Mary Chapman, ("Chapman") is a Texas Medical Board ("TMB") lead investigator. She is being sued in her individual capacity.  She may be served at her place of employment, Texas Medical Board, 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

6. Defendant Texas Medical Board is a state regulatory body that licenses and disciplines Texas physicians.  The TMB may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

7. Defendant, Mari Robinson, ("Robinson"), Executive Director of TMB is being sued in her individual and official capacity. Robinson may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

8. Defendant Michael Arambula, ("Arambula") is a member of the TMB and is being sued in his official capacity and may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

9. Defendant Julie Attebury, ('Attebury") is a member of the TMB and is being sued in her official capacity.  Attebury may be served at, 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

10. Defendant, David Baucom, ("Baucom") is a member of the TMB and is being sued in his official capacity. Baucom may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

11. Defendant, Frank Denton, ("Denton") is a member of the TMB and is being sued in his official capacity. Denton may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

12. Defendant, John D. Ellis, ("Ellis") is a member of the TMB and is being sued in his official capacity. Ellis may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

13. Defendant, Carlos Gallardo, ("Gallardo") is a member of the TMB and is being sued in his official capacity. Gallardo may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

14. Defendant, Manuel G. Guajardo, ("Guajardo") is a member of the TMB and is being sued in his official capacity. Guajardo may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

15. Defendant, John R. Guerra, ("Guerra")) is a member of the TMB and is being sued in his official capacity. Guerra may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

16. Defendant, Scott Holiday, ("Holiday") is a member of the TMB and is being sued in his official capacity. Holiday may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

17. Defendant, Margaret McNeese, ("McNeese") is a member of the TMB and is being sued in her official capacity. McNeese may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

18. Defendant, Allan N. Shulkin, ("Shulkin") is a member of the TMB and is being sued in his official capacity. Shulkin may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

19. Defendant, Robert Simonson, ("Simonson") is a member of the TMB and is being sued in his official capacity. Simonson may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

20. Defendant, Wynne Snoots, ("Snoots") is a member of the TMB and is being sued in his official capacity. Snoots may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

21. Defendant, Karl Swann, ("Swann") is a member of the TMB and is being sued in his official capacity. Swann may be served 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

22. Defendant, Paulette Southard, ("Southard") is a member of the TMB and is being sued in her official capacity. Southard may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

23. Defendant, Suvrenda K. Varma, ("Varma") is a member of the TMB and is being sued in his official capacity. Varma may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

24. Defendant, Stanley Wang, ("Wang") is a member of the TMB and is being sued in his official capacity. Wang may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

25. Defendant, Timothy Webb, ("Webb") is a member of the TMB and is being sued in his official capacity. Webb may be served 333 at Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

26. Defendant, George Willeford III, ("Willeford") is a member of the TMB and is being sued in his official capacity. Willeford may be served at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

### Clarification of Claims and Parties

27. Plaintiff Cotropia sues Mary Chapman, individually, under federal and state law for violation of due process rights, warrantless search, and warrantless taking of documents. The Federal claims are brought under the Fourth Amendment, Fourteenth Amendment, and 42 U.S.C. Section 1983. Chapman violated Cotropia Constitutional rights by

warrantless search and seizure of documents. The violation of Cotropia Fourth and Fourteenth Amendment rights was a result of deliberate training of investigators to violated the rights of licensees. The TMB has no written policy or protocol to guide investigators in the service of administrative record subpoenas. The Texas Medical Board trains investigators to violate a licensee's constitutional rights. Texas Medical Board's policy and custom resulted in the violation of Cotropia's rights. The lack of a written policy or procedures was a moving force in the investigator's violations.

28. Plaintiff, Cotropia, seeks declaratory relief or an injunction against the Texas Medical Board members in their official capacity for its policy of training its employees to conduct without consent medical office warrantless searches in violation of the Fourth and Fourteenth Amendments rights. The policy of training TMB employees to violated citizens' rights reflects a deliberate indifference to the constitutional rights of its licensees. The Texas Medical Board has a custom and policy of deliberate indifference to the constitutional rights of the people it comes in contact. The failure to train TMB investigators, or in the alternative the policy of investigator's training to violate Fourth and Fourteenth amendment rights, in the constitutional limitation of administrative subpoenas and warrantless searches is deliberative indifference to Cotropia's constitutional rights.

29. Mari Robinson, Executive Director, is liable in her official capacity for violation of Cotropia's constitutional rights. The failure to train amounts to a deliberate indifference

to Cotropia's Fourth and Fourteenth constitutional rights.  Robinson's training failure caused Cotropia's constitutional injuries.

## Facts

30. Defendant, Mary Chapman, is a lead investigator for the Texas Medical Board.. Acting under color of state law on March 27, 2015 at 9:15 a.m., she arrived at 779 Normandy, Suite 112 with an administrative subpoena for copies of Dr. Cotropia records. Mary Chapman was accomplished by an unknown male. Betty Spaugh was in Suite 112. Suite 112 was locked and closed to the public. Mary Chapman and the unknown male banged on the office door. Spaugh opened the office door. Chapman and the unknown male showed their badges and entered he office. Chapman handed Spaugh an administrative subpoena directed to Dr. Cotropia or his custodian of records.

31. The unknown male then proceeded to search suite 112 without out a search warrant. Spaugh followed the unknown male as he went through the various rooms of Suite 112. Chapman was left alone in the front of the office. When Spaugh returned to the front of the office, Chapman insisted that Spaugh give her the records listed in the administrative subpoena. Spaugh refused. Spaugh told Chapman she was not the custodian of the records.  Chapman physically blocked Spaugh when Spaugh attempted to leave the office.

32. Betty Spaugh asked Chapman if she was under arrest.  Chapman stated she was detained. Betty Spaugh was detained from approximately 9:15 a.m. to 10:15 a.m. Spaugh was held against her will from approximately 9:15 a.m. to 10:15 a.m. on March 27, 2015.

33. During the time period 9:08 to 10:15 a.m. Chapman removed and copied documents from the front desk of the office. Spaugh objected to the removal and copying of the documents. Chapman copied financial records as well as documents with patient's names and telephone numbers without Betty Spaugh's consent.

34. Chapman or the unknown male called a Constable to come to Suite 112, 779 Normandy, Houston, Texas. Spaugh again asked Chapman if she was under arrest. The answer was that she was "detained" until the Constable arrived. The Constable arrived. The Constable insisted that Spaugh give the records listed in the subpoena to Chapman. Spaugh refused. The Constable left the office and consulted his superiors and apparently an attorney. He returned and told Spaugh she could leave the premises. He also told Chapman and the men with her they had to leave the premise.

## Qualified Immunity

35. Mary Chapman is not shielded by qualified immunity. At the time of the occurrence alleged as the basis of this lawsuit, it was clearly established law that Mary Chapman could not deprive Cotropia of due process by, participation in unlawful search and seize of documents without consent or lawful authorization.

36. The TMB members sued in their official capacity cannot claim qualified immunity because they are not being sued for monetary damages.

37. Mari Robinson , Executive Director TMB, is liable in her official capacity. Robinson is responsible for the TMB training programs. Robinson's failure to train amounts to a deliberate indifference to Cotropia's rights with whom her subordinates come into contact. . Robinson failure to supervise training resulted in the violation of Cotropia's constitutional rights. Robinson failed to establish or have established policies for the service of administrative record subpoenas that met Constitutional criteria.

### Legal Allegations and Relief

38. Paragraph one (1) though (38) of this complaint are incorporated by reference and made a part of Relief One through Relief Three.

### Relief One

39. Defendant, Mary Chapman, individually, acting under color of law unlawfully searched Cotropia office and copied documents without his consent or legal authorization. Chapman is liable to Cotropia for actual, nominal and punitive damages. Chapman's acts were a violation of the Fourteenth Amendment of the Constitution of the United States, codified as 42 U.S.C. §1983.

### Relief Two

40. Robinson, in her official and individual capacity failed to train her subordinates in the service of an administrative record's subpoena. Robinson failure to train and supervise amounted to a deliberated indifference to Cotropia's constitutional rights. As results of Robinson inactions, Cotropia constitutional rights were violated. Robinson is liable to Cotropia for actual, nominal and punitive damages.

### Relief Three

41. Cotropia is entitled to a declaratory judgment that the TMB policies or lack of policies regarding administrative record subpoena violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Cotropia is entitled to an injunction preventing the TMB from conducting warrantless search and seizure of documents based solely on an administrative record subpoena.

### Jury Demand

42. Cotropia requests a trial by jury for all issues tiable by jury.

### Pray for Relief

Wherefore, Plaintiff respectfully requests the following relief:

1. Grant Plaintiff actual, nominal , compensatory and punitive damages against Chapman;
2. Grant Plaintiff prejudgment interest in the highest amount allowed by law;
3. Grant Plaintiff declaratory and injunctive relief;
4. Grant Plaintiff reasonable attorney fees for all federal claims together with their cost and such other and further relief as appears just and equitable in the circumstance of the case.

Respectfully submitted

/S/

Tommy E. Swate
Attorney for Plaintiff
Federal Admission No. 145507
Texas Bar No. 19557705
525 N. Sam Houston Plwy East
Suite 570
Houston, Texas 77060
Telephone Number 713-225-6000